UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| LEON EDWARD PUGH, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV413-219 |
| ) | |
| WILLIAM BALISH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

While in and out of prison Leon Edward Pugh, Jr., has filed a series of lawsuits, each time seeking *in forma pauperis* (IFP) status under 28 U.S.C. § 1915 to assist with payment of his filing fees.[1]  He does the same with this case against two restaurant owners, the Georgia Commissioner of Labor, a state court judge, a state appellate clerk, and a prosecutor. Doc. 1 at 1.  The Court's previous order directed Pugh to provide more IFP information, doc. 4, and he has satisfactorily complied. Doc. 5.  His IFP motion, then, is **GRANTED**. Doc. 2.

---

[1] *See, e.g.*, *Pugh v. Page*, CV413-332, doc. 1 (M.D. Ga. Jul. 10, 2013); *Pugh v. Humphrey*, CV411-011, doc. 1 (M.D. Ga. Feb 2, 2011); *Pugh v. Walker*, CV303-016, doc. 1 (S.D. Ga. Mar. 25, 2013); *see also* CV413-219, doc. 4 at 5-6 (state record showing that he is a paroled felon).

But § 1915 also authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The power to dismiss *sua sponte* in IFP cases "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Pugh's complaint thus is subject to immediate dismissal if he fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6).[2]

---

[2] Under this standard, the Court

> accepts the allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). To survive dismissal, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). Stating a claim upon which relief may be granted "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" be enough to survive a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007). A *pro se* complaint is liberally construed

## I. BACKGROUND

Pugh alleges that, while employed by The Olde Pink House Restaurant (hereafter, the Pink House) in Savannah, Georgia, management "fabricated a claim against [him]; accused him of attempting to contact a manager via a letter on May 26, 2010 and being warned of such action on Mary 27, 2010, and that on July 9, 2010 Mr. Pugh repeated the same conduct that he was warned of on May 27, 2010, resulting in his termination." Doc. 1 at 6. However, he further asserts, he was not working on May 26 and May 27, 2010, "and therefore could not have committed any act alleged by [his employer] nor could he have been warned of any act. [He evidently sought unemployment compensation, but "t]he Olde Pink House constructed this story in an effort to withhold payment of unemployment compensation to Mr. Pugh." *Id.* at 6.

---

formulaic recitation of the elements of a cause of action will not" be enough to survive a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007). A *pro se* complaint is liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Boxer X*, 437 F.3d at 1110.

*Waterfield v. Law*, 2013 WL 5764661 at * 1 (11th Cir. Oct. 25, 2013).

Pugh further complains that the Pink House managers "escalated their abuse by telling a third-party that Mr. Pugh was terminated for sexual harassment, and has hindered [him] from obtaining gainful employment." *Id.* He apparently sought unemployment benefits, which led to a Georgia Department of Labor (DOL) hearing where one "Edgar Deal," Pugh alleges, altered the transcript of that hearing. *Id.* The DOL also allowed his employer to present hearsay testimony. *Id.* at 6-7.

Apparently Pugh appealed the denial of that compensation request to a state court, where the Pink House "failed to appear." *Id.* at 7. Nevertheless, defendant Judge Bass refused to grant Pugh a default judgment, nor allow him to present his case at that time. *Id.* The judge also refused his other motions (e.g., to audio-tape the proceeding, quash evidence, etc.). *Id.* at 7-8. Pugh alleges that the Pink House tampered with the evidence there, too. *Id.* at 7. Bass denied relief. *Id.*

When Pugh appealed that ruling, the Georgia Court of Appeals issued a ruling "that did not comply with [its] own rules on how decisions should be rendered. . . ." *Id.* at 8. Pugh then filed a motion to reconsider, but that court's clerk (defendant Sparrow) somehow mishandled it. *Id.* ("The motion was stamp-filed, then scratched through, and returned to

4

Plaintiff Pugh by Clerk, Holly K.O. Sparrow. Plaintiff attempted to resend the motion and explain to Defendant Sparrow that she was exceeding her duties/authority but to no avail."). Pugh also sues Fulton County district attorney Paul Howard for failing to heed his demand to pursue Sparrow's "infractions." Howard, Pugh concludes, thus has now joined -- and may be sued for -- that conspiracy. *Id.*

Pugh invokes 18 U.S.C. § 1964 and 42 U.S.C. § 1983. Doc. 1 at 2. He seeks a judgment declaring his "rights under the laws violated by Defendants. . . ." Doc. 1 at 8. He wants this Court to "[p]ermanently enjoin Defendants from further unlawful conduct," *id.* at 9, and he also seeks job reinstatement, front and back pay, various other damages and miscellaneous requests (e.g., "Notify the U.S. Attorney General of said racketeering activtity."). *Id.* at 9-10.

## II. ANALYSIS

Plaintiff's case fails on multiple levels. For starters, he fails to allege any of the basic elements of a § 1964 claim.[3] *Dysart v. BankTrust*,

---

[3] The relevant portion of that statute is found in subsection (c): "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover

516 F. App'x 861, 864 (11th Cir. 2013) (dismissing § 1964 claim because, *inter alia*, plaintiff failed to "plead facts sufficient to prove that the Defendants operated as an enterprise, that they engaged in a pattern of racketeering activity, or that she suffered an injury to business or property caused by the alleged RICO violations."). Next, all of his claims against judge Bass and district attorney Howard are barred on judicial and Eleventh Amendment immunity grounds. *See, e.g., Waterfield*, 2013 WL 5764661 at * 1 (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)); *Franklin v. Arbor Station, LLC*, 2013 WL 5381096 at * 3 (11th Cir. Sept. 27, 2013); *Micklas v. Phillips*, 522 F. App'x 616, 619 (11th Cir. 2013).

Pugh is otherwise entitled to no injunctive relief against Judge Bass under § 1983. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *Waterfield v. Laboda*, 518 F. App'x 667, 667 (11th Cir. 2013).

---

threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . . ." 18 U.S.C. 1964(c).

District Attorney Howard's decision to investigate or prosecute anyone is purely discretionary, so even assuming Pugh's investigative demand was not baseless, nevertheless mandamus relief is simply not available. *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2d Cir. 1973) ("federal courts have traditionally, and, to our knowledge, uniformly refrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made"), *quoted in Bullard v. Bureau of Unemployment and Allowances*, 516 F. App'x 111, 113 (3rd Cir. 2013) (affirming dismissal or *pro se* complaint seeking a "special prosecutor to investigate and prosecute state officials" connected to his unemployment benefits claim).

Pugh's claim against clerk Sparrow fails on the merits. *Micklas*, 522 F. App'x at 619 (state court litigant had no constitutionally protected liberty interest in being able to file motion for default before defendant entered an appearance, and had no procedural due process claims against county clerks whose insistence that he furnish two self-addressed stamped envelopes before filing motion for default allegedly prevented him from filing motion before defendant entered its appearance); *Frone*

*v. City of Riverdale*, 521 F. App'x 789, 791 (11th Cir. 2013) (motorist's allegations that municipal court judge and court services manager deprived him of his right to appeal his speeding conviction and fine that was imposed while appeal was or should have been pending were inadequate to state § 1983 claim for due process violation, since alleged conduct of judge and manager amounted at most to negligent failure to follow state law governing motorist's trial and appeal).

Next, Pugh's state administrative and judicial proceedings cannot be *de facto* reviewed here -- that is, essentially, what he seeks -- per the *Rooker-Feldman* doctrine analogously applied in *Franklin*, 2013 WL 5381096 at * 2 (upholding *sua sponte* dismissal of plaintiff's complaint, per 28 U.S.C. § 1915(e)(2)(B)(ii), on *Rooker-Feldman* grounds: "Although Franklin does not directly request that the district court vacate or review the state trial court's decisions, all of her federal claims are complaints of injuries caused by the state court's decision in favor of [her former landlord] on its unlawful detainer claim and the corresponding grant of a writ of possession. The district court could not decide in Franklin's favor on any of those counts unless it decided that the state court erred in its

8

judgment.").[4]  Pugh's own pleadings show that he had a reasonable opportunity to present his claims -- he just didn't like the rulings he received. *See, e.g.*, doc. 1 at 7 (Judge Bass "ignored The Olde Pink House Restaurant's defeault . . . ."); *id.* at 8 (complaining that that state appellate court failed to follow its own rules).  Any claims based on defects within his unemployment benefit proceedings fail for want of subject matter jurisdiction.  *Doe v. Fla. Bar*, 630 F.3d 1336, 1340 (11th Cir. 2011) (generally, "federal district courts lack the authority to review final decisions of state courts"); *Sanford v. Patterson*, 2013 WL 5781668 at * 2 n. 2 (M.D. Ga. Oct. 25, 2013).

---

[4] As the *Franklin* court explained:

> Under the *Rooker–Feldman doctrine*, the district courts lack subject matter jurisdiction to review state court final judgments because "that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir.2009). The *Rooker–Feldman* doctrine applies "both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." Id. A claim brought in federal court is inextricably intertwined with a state court judgment if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues." *Id*. The doctrine does not apply if a party did not have a "reasonable opportunity to raise his federal claim in state proceedings." *Id*.

*Franklin*, 2013 WL 5381096 at * 2.

Next, to the extent Pugh seeks to bring § 1983 claims against the Pink House or any of its management, they fail for lack of state action. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003), cited in *Stringer v. Doe*, 503 F. App'x 88, 890-91 (11th Cir. 2013) (§ 1983 complaint brought against sheriff, deputies, diving center employees, and Doe defendants following altercation at campsite and in diving center failed to state claim against any of the defendants, warranting sua sponte dismissal; Doe defendants and dive shop employees were non-state actors who did not commit any acts under color of state law); *Sutherland v. Chisolm*, 2013 WL 709823 at * 3 (S.D. Ga. Feb. 13, 2013).

Finally, an action brought under 42 U.S.C. § 1983, or under Georgia law for personal injury claims, is barred if not brought within two years after the cause of action accrues. *Thompson v. Corr. Corp. of Am.*, 485 F. App'x 345, 346-47 (11th Cir. 2012); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). Since all of Pugh's

claims appear to be tied to events that occurred in 2010, they are time-barred.

### III. CONCLUSION

Given the sheer frivolity of Pugh's complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option, *see Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010), is not warranted. *Dysart,* 516 F. Appx at 865 ("district court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Sanford,* 2013 WL 5781668 at * 3; *Simmons v. Edmondson*, 225 F.App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity).

**SO REPORTED AND RECOMMENDED** this 21st day of November, 2013.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA